FRANK R. BILL *vs.* BOARD OF REGISTRATION OF
CHIROPRACTORS.

Suffolk.  December 4, 1984. — May 9, 1985.

Present: HENNESSEY, C.J., LIACOS, LYNCH, & O'CONNOR, JJ.

*Chiropractor. Board of Registration of Chiropractors.*

A decision of the Board of Registration of Chiropractors to suspend the
  license of a chiropractor who had advertised a "Laser" face-lift and had
  treated a patient responding to the advertisement with a laser instrument
  was supported by substantial evidence. [780-782]
A suspension of a chiropractor's license for eighteen months as a result
  of his advertising a "Laser" face-lift and using a laser instrument on a
  patient was not unreasonable or excessive. [782-783]

CIVIL ACTION commenced in the Superior Court Department
on June 26, 1984.

Upon transfer to the Supreme Judicial Court for the county
of Suffolk, the case was heard by *Abrams*, J.

*J. Owen Todd* for the plaintiff.

*Kathleen M. Bowers*, Assistant Attorney General, for the
defendant.

LIACOS, J. Frank R. Bill, a chiropractor, appeals from a deci-
sion of a single justice of this court, holding that certain conclu-
sions of the Board of Registration of Chiropractors (board) which
underlay the board's decision to suspend the plaintiff's license
to practice chiropractic were supported by substantial evidence.[1]

---

[1] The board originally based its decision on two incidents, one involving
a patient named Lyn D. Clapprood and the other involving a patient named
Edward J. Howard. The single justice held that there was insufficient evi-
dence concerning the Clapprood incident to support the board's findings
and conclusions, but that there was sufficient evidence to support the board's
findings and conclusions regarding the Howard matter. The single justice
remanded the matter to the board for reconsideration of sanctions, in light
of her decision. In response, the board reduced the length of the suspension
from three years, with a five-year probationary period to follow, to eighteen

See G. L. c. 112, § 64. The plaintiff argues that the single justice erred, and that the board's decision to suspend him for eighteen months and to prohibit the operation of his office under his name during that time was unreasonable and excessive. We hold that the board's decision was supported by substantial evidence and thus that the single justice did not err. We conclude further that the sanctions imposed by the board were neither unreasonable nor excessive.

1. *Substantial evidence.* The board made the following findings: Edward Howard visited the plaintiff's office in response to an advertisement for a "Laser" face-lift. Howard received a laser treatment with a wand-like instrument. He did not sign any patient consent forms, and he was not given protective eyewear. Counsel for the plaintiff stipulated that the laser instrument was on the plaintiff's premises and was not registered at that time. The board found that the plaintiff attempted to use a procedure which he thought was "supportive to the chiropractic adjustment" without following usual and customary history and examination procedures to indicate the propriety of chiropractic therapy; that the use of laser instruments is not recognized as a usual and customary supportive procedure in chiropractic; and that the plaintiff attempted to treat for a condition not within the scope of chiropractic care. The board concluded that the plaintiff's use of the laser device was beyond the scope of chiropractic as defined in G. L. c. 112, § 89;[2]

---

months, and ordered that the plaintiff's chiropractic office not be operated under his name during those eighteen months. An additional sanction of participation in eighty hours of continuing education in a course approved by the board was also eliminated on remand. The plaintiff appealed the single justice's decision "to the extent that [it] was adverse to Frank R. Bill, D.C."

[2] General Laws c. 112, § 89, as amended through St. 1982, c. 154, defines "chiropractic" as: "[T]he science of locating, and removing interference with the transmission or expression of nerve force in the human body, by the correction of misalignments or subluxations of the bony articulation and adjacent structures, more especially those of the vertebra column and pelvis, for the purpose of restoring and maintaining health. It shall exclude operative surgery, prescription or use of drugs or medicines, the practice of obstetrics, the treatment of infectious diseases, and internal examinations

that such use violated G. L. c. 112, § 61;[3] that the plaintiff's advertisement of the laser device was misleading and deceptive because use of the laser device was outside the scope of his practice; that his use of the laser device without apparent approval of Federal and State authorities constituted negligence; and that he violated 233 Code Mass. Regs. §§ 4.05[4] and 4.09[5] (1983).

An examination of the record discloses substantial evidence — "such evidence as a reasonable mind might accept as adequate to support a conclusion" — to support the board's findings and conclusions. G. L. c. 30A, § 1 (6), as amended through St. 1979, c. 795, § 3. See *Arthurs* v. *Board of Registration in Medicine*, 383 Mass. 299, 304 (1981). Howard's testimony reveals that he responded to the plaintiff's advertise-

---

whether or not diagnostic instruments are used except that the X-ray and analytical instruments may be used solely for the purposes of chiropractic examinations. Nothing in this definition shall exclude the use of supportive procedures and therapy, including braces, traction, heat, cold, sound, electricity, and dietary and nutritional advice, as treatment supplemental to a chiropractic adjustment."

[3] General Laws c. 112, § 61, as amended through St. 1978, c. 508, § 5, provides, in part: "Except as otherwise provided by law, each board of registration or examination in the division of registration of the department of civil service and registration, after a hearing, may, by a majority vote of the whole board, suspend, revoke or cancel any certificate, registration, license or authority issued by it, if it appears to the board that the holder of such certificate, registration, license or authority, is insane, or is guilty of deceit, malpractice, gross misconduct in the practice of his profession, or of any offence against the laws of the commonwealth relating thereto."

[4] 233 Code Mass. Regs. § 4.05 (1983) provides: "The Board of Registration may suspend, revoke or cancel a chiropractor's license to engage in the practice of chiropractic in the Commonwealth if it finds that the chiropractor is insane, or guilty of misrepresentation, deceit, malpractice, unprofessional conduct, or gross misconduct in the practice of his or her profession or of any offense against the laws of the Commonwealth relating thereto."

[5] 233 Code Mass. Regs. § 4.09 (1983) provides, in part: "Without limiting the definition of misrepresentation or deceit each of the following claims if made by a chiropractor directly or by implication, shall constitute a form of misrepresentation and deceit: . . . (4) claims that a place of practice is a 'chiropractic clinic' or 'chiropractic center' unless used in connection with the name or names of a chiropractor or chiropractors therein and the following standards are met: . . . (d) and the clinic complies with all pertinent statutory and regulatory standards of the Department of Public Health."

ment for a laser face-lift and that at the plaintiff's office he received treatment — albeit two minutes' worth — with the laser device. An unidentified woman employee in the plaintiff's office administered the treatment. She took a "wand-like" instrument connected by a cord to a machine and pressed the tip of it against a wrinkle on Howard's face. Alexander C. Politis, a chiropractor called as an expert witness by the prosecution, testified that this laser face-lift technique "had nothing to do with chiropractic." Stuart L. Neivert, a chiropractor called by the plaintiff, testified that he did not use the laser face-lift technique, and that he did not know any chiropractor in Massachusetts (other than the plaintiff) who uses the procedure. Considerable oral testimony and documentary evidence established that the laser face-lift procedure is not offered as a course at chiropractic colleges. An official from the Massachusetts Department of Public Health (department) testified that the plaintiff's laser machine was not registered when an inspection occurred, and that the plaintiff's facilities were not in compliance with other requirements of the department. A Federal official from the Food and Drug Administration testified that the plaintiff's laser device was not labeled "for investigational use only," as Federal law required. Shortly after the State investigation, the plaintiff came into compliance with State requirements; shortly after the Federal investigation, the plaintiff stopped using the device. From the foregoing evidence and other evidence in the record, we conclude that the board's findings and conclusions are supported by substantial evidence.[6]

2. *Sanctions.* The plaintiff has not persuaded us that the sanctions imposed by the board are "unreasonable and excessive" as he alleges. He has not indicated to us the existence of "the most extraordinary of circumstances"; without such a showing we do not interfere with the board's "exercise of its

---

[6] Two of the board's subsidiary findings are not supported by substantial evidence. The board's finding that Howard did not sign a patient consent form and its statement that the plaintiff's counsel stipulated to the nonregistration of the laser device are insufficiently supported by the record. However, neither the finding nor the statement bears significantly on the board's ultimate decision.

sound discretion." *Levy* v. *Board of Registration & Discipline in Medicine*, 378 Mass. 519, 528-529 (1979). We note that, on remand, the board reduced the length of the suspension by one-half, even though it stated, on remand, that "the major weight of infraction laid with the Howard complaint."

The single justice made no error. See *Gurry v. Board of Pub. Accountancy*, *ante* 118, 129 (1985). Furthermore, the board's sanctions are not unreasonable or excessive. The case is remanded to the single justice for entry of a judgment affirming the board's revised sanction of a suspension from practice for eighteen months and a prohibition of the operation of the plaintiff's office under his name during the suspension.

*So ordered.*